IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOMEVESTORS OF AMERICA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 15-cv-3616-M |
| | § | |
| ROBYN THOMPSON, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## AGREED FINAL JUDGMENT

On January 25, 2016, Plaintiff HomeVestors of America, Inc. ("HomeVestors") and Defendant Robyn Thompson (together with HomeVestors, the "Parties") notified the Court that they have reached a confidential settlement of all claims and causes of action in this proceeding. In connection with the Parties' settlement, the Parties jointly requested the Court enter an Agreed Final Judgment finally resolving all claims and causes of action in this proceeding. By entering this Agreed Final Judgment, the Court is not finding either party liable for any claim asserted in the lawsuit. Having considered the Parties' request, the Court is of the opinion that the Parties' Agreed Final Judgment shall be entered.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

Defendant and her agents, vendors, affiliates, employees, successors, assigns, and persons acting under her direction or in active concert or participation with her are permanently enjoined from the following activities in connection with any home buying, selling, or other franchising, financial, or real-estate-related services:

1. Using the HomeVestors Marks, as identified in Exhibit A to the parties' settlement agreement, or any marks substantially similar thereto through any means whatsoever including but not limited to: (a) direct mail, vehicle placards, signs, and billboards, (b) blog posts, articles, and other content as a banner or title or in the content copy, (c) social media posts, handles, account names and descriptions, user names, and social media tags and hash tags, (d) domain names, domain name components, URL extensions, and metadata (e) company names and assumed names, (g) as a trademark or service mark, and (g) any other form of advertising;

2. Providing instruction or sample language to others that results in others advertising in connection with Robyn Thompson's services the phrases "UGLY HOUSES," "UGLY HOMES," HomeVestors Marks, or any mark substantially or confusingly similar to the HomeVestors Marks, whatsoever the format or circumstances, including without limitation advertising for Thompson's events, services, or classes directly or via third party organizations, including national, regional, state and local REIAs, meetup or local organization websites or apps, or social media postings, announcements, or alerts; and

3. Actively bidding on any of the HomeVestors Marks as "exact match," "broad match," or "phrase match" search terms in any of their keyword advertising campaigns.

IT IS FURTHER ORDERED that Defendant and her agents, vendors, affiliates, employees, successors, assigns, and persons acting under her direction or in active concert or participation with her shall list the terms "we buy ugly houses," "we buy ugly homes," "HomeVestors," "Ugly House(s)," and "Ugly Home(s)" as negative keywords in all current and future keyword ad accounts and campaigns.

IT IS FURTHER ORDERED that the parties are responsible for their own attorneys' fees and costs of court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all relief not expressly granted herein is hereby denied.

Signed and entered this 27th day of January, 2016.

                                                BARBARA M. G. LYNN
                                                UNITED STATES DISTRICT JUDGE
                                                NORTHERN DISTRICT OF TEXAS